UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GRIMALDI DEEP SEA S.p.A.,

    Plaintiff,

v.                                                                                        Case No. 3:24-cv-562-MMH-SJH

SSA ATLANTIC, LLC,

    Defendant.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Memorandum in Opposition to Defendants Motion to Dismiss (Doc. 31; Response), filed May 15, 2025. In the Response, Plaintiff, in addition to asserting that Defendant's motion to dismiss is due to be denied, alternatively requests leave to amend its complaint in the event the Court finds that its allegations are inadequate. See Response at 12. As an initial matter, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty, 48 F.4th 1222, 1236 (11th Cir. 2022) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has

not been raised properly." (quoting Newton v. Duke Energy Fla., LLC, 895 F.3d 1270, 1277 (11th Cir. 2018))); Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Rules 3.01(a) and 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); U.S. ex rel. Atkins v. McInteer, 470 F.3d

1350, 1361–62 (11th Cir. 2006) (same).[1] Thus, the Court will not entertain Plaintiff's request for relief included in the Response. Plaintiff is advised that, if it wishes to pursue such relief, it is required to file an appropriate motion in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.[2]

Accordingly, it is

**ORDERED**:

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] The Court also notes that, in its Response, Plaintiff states that "the Eleventh Circuit has clearly articulated the standard of review for a Rule 12(b)(6) Motion to Dismiss" before going on to cite Conley v. Gibson, 355 U.S. 41, 45–46 (1957) for the proposition that "[a] Motion to Dismiss is only granted when the movant demonstrates 'beyond doubt' that the Plaintiff can prove no set of facts in support of his claim which will entitle him to relief." See Response at 2. Such an argument is shocking given that in 2007 the Supreme Court issued Bell Atlantic Corp. v. Twombly, in which it explicitly retired Conley's "no set of facts" test, stating that the phrase is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). The Supreme Court further clarified the pleading standard and emphasized Conley's demise in its 2009 Ashcroft v. Iqbal decision. See Ashcroft v. Iqbal, 556 U.S. 662, 670 (2009). Nevertheless, despite the passage of over seventeen years since the Twombly decision, and over fifteen years since Iqbal, as well as the abundance of Eleventh Circuit precedent citing those decisions, Plaintiff's counsel has included Conley in Plaintiff's Response with apparently no effort to cite currently applicable legal authority. Counsel is cautioned that his duty of candor to the Court includes the obligation to assure the continuing viability of any authority cited to the Court.

To the extent that Plaintiff requests affirmative relief from the Court, Plaintiff's Memorandum in Opposition to Defendants Motion to Dismiss (Doc. 31) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of May, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of Record