UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GRIMALDI DEEP SEA S.p.A.,

     Plaintiff,

vs.                                                      Case No.  3:24-cv-562-MMH-SJH

SSA ATLANTIC, LLC,

     Defendant.

                                /

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration of Order Granting Motion to Dismiss (Doc. 44; Motion for Reconsideration), filed November 14, 2025.[1] Citing both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (Rule(s)), Plaintiff, Grimaldi Deep Sea S.p.A. (Grimaldi), seeks reconsideration of the Court's Order (Doc. 42; Dismissal Order), entered October 17, 2025, in which the Court granted SSA Atlantic, LLC's Motion to Dismiss Amended Complaint (Doc. 24; Motion to Dismiss), filed April 24, 2025. See Motion for Reconsideration at 1. Defendant, SSA Atlantic,

---

[1] The Court notes that Grimaldi Deep Sea S.p.A.'s counsel failed to comply with Local Rule 3.01(g), Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), regarding the duty to confer. Counsel are advised that, in the future, failure to comply with the Local Rules may result in sanctions. Therefore, counsel are strongly advised to familiarize themselves with the Local Rules before practicing before the Court again.

LLC (SSA), filed its Response in Opposition to Motion for Reconsideration (Doc. 47) on November 28, 2025. Accordingly, this matter is ripe for review.

## I.   Legal Standard

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e).[2] Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for

---

[2] The Rules do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. U.S., 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). It is widely recognized, however, that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions for reconsideration. Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d § 2810.1 (2007)).

In the Motion for Reconsideration, Grimaldi cites both Rule 59(e) and 60(b) as the basis for the relief it seeks. See Motion for Reconsideration at 1. Upon review, it appears that Grimaldi seeks reconsideration of the merits of the dispute addressed in the Court's Dismissal Order, consistent with the purposes of Rule 59(e). See Shaarbay v. Florida, 269 F. App'x 866, 867 (11th Cir. 2008) (citing Wright v. Preferred Research, Inc., 891 F.2d 886, 889 (11th Cir. 1990)). As such, the Court will consider the Motion for Reconsideration under the standard for Rule 59(e) motions. However, even if the Court were to consider the Motion for Reconsideration under Rule 60(b), doing so would not produce a different result. "A 'significantly higher' standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." Holland v. Tucker, No. 06-CIV-20182, 2012 WL 2412115, at *2 n.1 (S.D. Fla. June 26, 2012) (quoting Vanderberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001)). Therefore, if Grimaldi is not entitled to relief under Rule 59(e), it also is not entitled to relief under Rule 60(b), and the Court need not address its arguments under Rule 60(b) separately.

The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). Likewise, the Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

granting a Rule 59 motion are newly[ ]discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).  For example, reconsideration may be appropriate where "the Court has patently misunderstood a party."  O'Neill v. Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010).  As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047. Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites at the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69; Mays v. U.S.

Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law"). Accordingly, the Eleventh Circuit Court of Appeals has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Moreover, "[w]hen evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" U.S. v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

## II.   Discussion

Grimaldi does not argue that reconsideration is warranted because there has been an intervening change in the law, nor does it argue that newly discovered evidence has become available. See generally Motion for Reconsideration. Instead, Grimaldi asserts that reconsideration is necessary "to correct a clear error and to prevent manifest injustice." See id. at 6. According to Grimaldi, "critical principles of law . . . have not been applied in determination of the core issue of whether [Grimaldi] is entitled to seek implied

indemnity from SSA's breach of contract and/or breach of the implied warranty of workmanlike performance." See Motion for Reconsideration at 4. Upon review, the Motion for Reconsideration is due to be denied because (1) Grimaldi simply seeks to relitigate old arguments, which is not an appropriate use of a motion for reconsideration, and (2) Grimaldi does not show that the Court committed a clear error.

First, Grimaldi simply seeks to relitigate the issue of whether it is entitled to indemnity under Ryan Stevedor. Co. v. Pan-Atl. Steam. Corp., 350 U.S. 124 (1956).[3] Indeed, Grimaldi cites several cases that were not previously presented to the Court. See Motion for Reconsideration at 6–9. But Grimaldi could have, and should have, cited these cases in response to SSA's Motion to Dismiss. These cases were available on May 15, 2025, when Grimaldi submitted its Memorandum in Opposition to Defendants Motion to Dismiss (Doc. 31). See

---

[3] In the Dismissal Order, the Court held that Grimaldi was not entitled to Ryan indemnity because this case falls well "beyond those controversies involving the special rules governing the obligations and liability of shipowners' which necessitated [Ryan indemnity's] formulation and justify its application." See In re Dearborn Marine Serv., Inc., 499 F.2d 263, 287 (5th Cir. 1974); Dismissal Order at 9–12. The Court reasoned that the original justification for Ryan indemnity is absent in this case because it involves (1) a time charterer—not a shipowner, (2) claims based on property damage, and (3) personal injuries sustained by first responders who boarded the vessel with knowledge of, and the specific intent to address, its unseaworthy condition. See Dismissal Order at 9–12. Notably, Grimaldi does not argue or provide authority suggesting that the Court erred in holding that Grimaldi could not recover Ryan indemnity for claims based on the personal injuries sustained by first responders. See generally Motion for Reconsideration.

In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Motion for Reconsideration at 6–9 (citing cases dated before 2020). And the propositions Grimaldi advances are directly responsive to the arguments raised in SSA's Motion to Dismiss. See id. A motion for reconsideration is not an appropriate mechanism for Grimaldi to supplement its initial briefing and rehash issues already presented before the Court. See Village of Wellington, 408 F.3d at 763 (noting that Rule 59(e) cannot be used "to relitigate old matters").[4] As a result, the Motion for Reconsideration is due to be denied.

Second, Grimaldi does not show that the Court committed a "manifest error[ ] of law or fact." See Arthur v. King, 500 F.3d at 1343. Notably, Grimaldi fails to cite any binding authority. See Motion for Reconsideration at 6–9. And many of the non-binding cases Grimaldi cites are inapposite. For example, Grimaldi cites several cases to assert that Ryan indemnity applies to time

---

[4] Grimaldi also contends that the Court "ventured into an area that neither party had discussed, asserting that the real issue was what damages [Grimaldi] could recover for a breach of the warranty of workmanlike performance." See Motion for Reconsideration at 3. Yet, SSA raised this very issue in its Motion to Dismiss. See Motion to Dismiss at 20–22. Indeed, SSA asserted that Grimaldi was not entitled to indemnification under the warranty of workmanlike performance because (1) Grimaldi was a time charterer and (2) Ryan indemnity is not available in claims arising from property damage. See id. SSA further noted that Grimaldi "chose not to secure any contractual indemnity as part of its deal with SSA." Id. at 22. As such, whether Grimaldi was entitled to indemnification was properly before the Court when it ruled on the Motion to Dismiss.

It appears that Grimaldi missed the crux of SSA's argument in its initial briefing. Indeed, Grimaldi's treatment of the issue was perfunctory at best. See Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. 31), filed May 15, 2025, at 8–9. It focused solely on whether a warranty of workmanlike performance arises out of a maritime contract, and it failed to meaningfully address the issues raised by SSA. See id. But Grimaldi's failure to recognize and meaningfully respond to an argument in SSA's Motion to Dismiss does not mean that the Court "ventured into an area that neither party had discussed."

charterers. <u>See</u> Motion for Reconsideration at 6–7. But some of these cases involve bareboat charterers, not time charterers. <u>See, e.g.</u>, <u>U.S. ex rel. Valders Stone & Marble, Inc. v. C-Way Const. Co.</u>, 909 F.2d 259, 260 n.2 (7th Cir. 1990); <u>Salter Marine, Inc. v. Conti Carriers and Terminals, Inc.</u>, 677 F.2d 388, 389 (4th Cir. 1982).[5] And Grimaldi's other cases involve express contractual indemnity provisions and/or fail to fully analyze the applicability of <u>Ryan</u>. <u>See, e.g.</u>, <u>Compania Sud Americana de Vapores S.A. v. Glob. Terminal & Container Servs., LLC</u>, No. 09 CIV. 7890 PAC, 2012 WL 4948128, at *4 (S.D.N.Y. Mar. 14, 2012) (noting that a section "of the Stevedore Agreement provide[d] for [the charterer's] right of indemnity"), <u>aff'd sub nom.</u> <u>Compania Sud Americana de Vapores S.A. v. Glob. Terminal & Container Services, Inc.</u>, 509 F. App'x 97 (2d Cir. 2013); <u>Fernandez v. Chios Ship. Co., Ltd.</u>, 458 F. Supp. 821, 827 (S.D.N.Y. 1976) (allowing a time charterer to recover indemnity but lacking any substantive discussion of <u>Ryan</u>).

Additionally, even where Grimaldi's cases are on point, they only highlight the fact that the courts of appeals are split as to the present breadth of the <u>Ryan</u> indemnity doctrine. <u>Compare</u> <u>Fed. Com. & Nav. Co., Ltd. v. Calumet</u>

---

[5] Significantly, unlike a time charter, which does not involve the transfer of possession or control of the vessel, <u>see</u> <u>Walker v. Braus</u>, 995 F.2d 77, 81 (5th Cir. 1993) (noting that, under a time charter, "the owner fully equips and maintains the vessel" and retains responsibility for it), a bareboat charter "requires complete transfer of possession, command, and navigation of the vessel from the owner to the charterer," <u>Agrico Chem. Co. v. M/V Ben W. Martin</u>, 664 F.2d 85, 91 (5th Cir. 1981) (internal quotation omitted). Indeed, a bareboat charter "is the virtual equivalent of ownership." <u>See</u> <u>Valders Stone & Marble, Inc.</u>, 909 F.2d at 260 n.2.

Harbor Terminals, Inc., 542 F.2d 437, 441 (7th Cir. 1976) ("The warranty of workmanlike service extends to cargo damage as well as personal injury."), and Sea King Corp. v. Eimskip Logistics, Inc., 367 F. Supp. 3d 529, 543 (E.D. Va. 2019) (noting that "the Fourth Circuit has permitted litigants to secure indemnity based on a breach of the maritime warranty of workmanlike performance, to include indemnity for property damage"), with Contl. Grain Co. v. Puerto Rico Mar. Ship. Auth., 972 F.2d 426, 439 (1st Cir. 1992) ("[W]e deem it improvident to apply the warranty liability created by Ryan to property damage claims against stevedoring contractors."), Phillips Petroleum Co. v. Stokes Oil Co., Inc., 863 F.2d 1250, 1256–57 (6th Cir. 1988) (declining to apply Ryan indemnity to actions based on property damage), and Bosnor, S.A. de C.V. v. Tug L.A. Barrios, 796 F.2d 776, 786 (5th Cir. 1986) (noting that Fifth Circuit precedent "support[s] the application of comparative fault principles in maritime property damage cases over the all or nothing approach of Ryan"). The mere existence of a circuit split does not show that the Court committed any error in applying the law and does not provide a basis for the Court to reconsider the Dismissal Order. Notably, in evaluating whether Grimaldi was entitled to Ryan indemnity for claims based on property damage, the Court followed binding precedent stating that "[d]isputes between vessels and stevedores over damaged cargo are best accommodated by a straightforward application of the usual maritime comparative fault system." See Dismissal Order at 10 (citing

Gator Marine Serv. Towing, Inc. v. J. Ray McDermott & Co., 651 F.2d 1096, 1100 (5th Cir. 1981)). Grimaldi cites no binding precedent and fails to articulate why the Court should apply the broader approach to Ryan indemnity taken in other circuits, rather than following (1) this circuit's binding precedent containing admonitions not to further extend Ryan, see In re Dearborn Marine Serv., Inc., 499 F.2d at 287, and (2) the "clear trend in maritime cases . . . to reject all-or-nothing or other arbitrary allotments of liability in favor of a system that divides damages on the basis of the relative degree of fault of the parties," Smith & Kelly Co. v. S/S Concordia TADJ, 718 F.2d 1022, 1030 (11th Cir. 1983). As such, Grimaldi's belatedly cited cases do not show that the Court erred nor provide a basis for the Court to reconsider the Dismissal Order.

## III.  Conclusion

Overall, Grimaldi's Motion for Reconsideration fails to present a basis for the Court to reconsider its final determination in the Dismissal Order and is due to be denied.

Accordingly, it is

**ORDERED:**

Grimaldi Deep Sea S.p.A.'s Motion for Reconsideration of Order Granting Motion to Dismiss (Doc. 44) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 1st day of April, 2026.

_Marcia Morales Howard_
**MARCIA MORALES HOWARD**
United States District Judge

Lc35

Copies to:

Counsel of Record

- 10 -